UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OLIVER M. HENDERSON,<br><br>Defendant. | Case No. 16-cr-00142-KAW-1<br><br>**ORDER DENYING MOTION TO EXCLUDE UNTIMELY DISCLOSED EXPERT**<br><br>Re: Dkt. No. 24 |

The United States brings this action against Defendant Oliver Henderson, alleging that Defendant violated the Migratory Bird Treaty Act, 16 U.S.C. § 703(a), by taking, killing, and possessing a migratory bird. (Dkt. No. 1.) Pending before the Court is Defendant's motion to exclude the government's expert witness, Rebecca Dmytryk. (Def.'s Mot., Dkt. No. 24.). Upon consideration of the moving and responding papers, as well as the arguments presented at the January 27, 2017 hearing, and for the reasons set forth below, the Court DENIES Defendant's motion to suppress.

### I.   BACKGROUND

On November 4, 2016, the Court issued a pre-trial order requiring the parties to file trial briefs and motions in limine by January 13, 2017. (Dkt. No. 22.) On January 13, 2017, at 5:00 p.m., Defendant's counsel received a voice mail from the Government, stating that the Government would be providing an expert witness disclosure. (Tamor Decl. ¶ 2, Dkt. No. 24-1.) On January 18, 2017, the Government provided Defendant with its expert witness disclosure. (Tamor Decl. ¶ 3.)

Defendant then filed the instant motion on January 20, 2017, requesting that the Court exclude the Government's expert witness "on the ground that the disclosure is late and prejudices

[D]efendant."  (Defs.' Mot. at 1.)  The Government filed its opposition on January 23, 2017. (Gov.'s Opp'n, Dkt. No. 25.)  Defendant did not file a reply.

## II.     DISCUSSION

Defendant contends that the Government's disclosure is late, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G).  (Defs.' Mot. at 2.)  This rule states:

> *Expert witnesses*.  At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.  If the government requests discovery under subdivision (b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition.  The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Defendant requests that the Court exclude the Government's expert witness pursuant to Rule 16(d)(2), which provides:

> *Failure to comply.*  If a party fails to comply with this rule, the court may:
> (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;
> (B) grant a continuance;
> (C) prohibit that party from introducing the undisclosed evidence; or
> (D) enter any other order that is just under the circumstances

The Government responds that there was no violation of Rule 16(a)(1)(G) because Defendant never requested that it disclose the expert.  (Gov.'s Opp'n at 2.)  The Court agrees that the plain language of Rule 16(a)(1)(G) does not require that the government give the defendant a written summary of expert witness testimony unless "[a]t the defendant's request."  Notably, the Seventh, Eighth, and Tenth Circuits have found that Rule 16(a) is not violated when a defendant did not request any expert discovery material.  *United States v. Salerno*, 108 F.3d 730, 743 (7th Cir. 1997) ("Nor was it apparent that the government violated Rule 16(a)(1)(E)[1] by failing to turn

---

[1] Rule 16(a)(1)(E) states: "Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible

over a summary of expert testimony. From the record, it does not appear that the defendant ever requested any expert discovery material, as Rule 16 required him to do, until the fourth day of trial"); *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) (finding that where the defendant never requested expert evidence, the defendants did not "trigger[] the government's disclosure obligations under Rule 16(a)(1)(E)); *United States v. Garza*, 566 F.3d 1194, 1200 (10th Cir. 2009) ("Rule 16, however, states that the government must disclose the experts that it intends to call at trial *if the defendant requests their disclosure*. *See* Fed. R. Crim. Proc. 16(a)(1)(G). Mr. Garza has not directed our attention to such a request, nor have we found one in the record on appeal. Thus, we have no reason to think that his right to pretrial notice of Officer Sanders's testimony was triggered"). Moreover, while the Ninth Circuit has not explicitly decided the issue, it has described Rule 16(a)(1) as "requiring the government to disclose *at the defendant's request* a written summary of expert testimony the government intends to use during its case-in-chief." *United States v. Grace*, 526 F.3d 499, 510 (9th Cir. 2008).

As applied in this case, there is no evidence on the record that Defendant ever requested expert discovery material. Thus, the Government's duty to disclose per Rule 16(a)(1)(G) was not triggered. Accordingly, the Government did not violate Rule 16(a)(1)(G), and Defendant's motion to exclude the Government's witness is DENIED.

The parties agree, however, that the Court has discretion to continue the trial even if there was no violation of Rule 16. Further, the Government does not oppose a continuance of the trial date to allow Defendant time to investigate the Government's expert witness. Accordingly, the bench trial is re-set for **May 1, 2017 through May 4, 2017**, with trial to begin at 1:00 p.m. each day. The expert disclosure deadline for both parties is **February 28, 2017**. The pretrial conference is set for **April 25, 2017** at **10:00 a.m.**, and the parties' joint pretrial conference statement is due by **April 18, 2017**.

The parties agree that the deadlines for trial briefs and motions in limine have passed, and that they will not be filing either. Instead, the parties shall make opening statements prior to the

---

objects, buildings or places, or copies or portions of any of these items, if the items is within the government's possession, custody, or control . . . ."

3

presentation of evidence during the bench trial.

IT IS SO ORDERED.

Dated: January 27, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge